IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID ALLEN FRONEK,                §
        Petitioner,               §
                        §
v.                                 §        No. 3:19-cv-282-G (BT)
                        §
LORIE DAVIS, *Director*,            §
TDCJ-CID,                          §
        Respondent.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner David Fronek, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss the petition for want of prosecution under Fed. R. Civ. P. 41(b).

I.

Although Petitioner filed a motion to proceed *in forma pauperis* (ECF No. 5), the Court found that he had $146.34 in his prison trust fund account and that he would not suffer undue financial hardship if he was required to pay the $5 filing fee in this case. ORDER (ECF No. 6). Therefore, on February 11, 2019, the Court ordered Petitioner to pay the $5 fee within 30 days. *See id.* Petitioner did not respond to the Court's order.  On April 2, 2019, the Court sent Petitioner a notice of deficiency reminding him that he must pay the filing fee. On May 20, 2019, the

deficiency order was returned to the Court as undeliverable. Petitioner has not provided the Court with any alternate address.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)). In this case, Petitioner has failed to pay the $5 filing fee. He also has failed to provide the Court with his current address. This litigation cannot proceed until the Petitioner pays the fee and provides the Court with his current address. Accordingly, the petition for writ of habeas corpus should be dismissed for want of prosecution.

## III.

The petition for a writ of habeas corpus should be dismissed without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed May 30, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).